## COMMONWEALTH vs. TAYLOR LASKOSKI.

No. 08-P-1993.

Franklin. May 6, 2009. - August 18, 2009.

Present: Trainor, Smith, & Graham, JJ.

*Controlled Substances. Practice, Criminal,* Motion to suppress. *Constitutional Law,* Search and seizure. *Search and Seizure,* Probable cause. *Probable Cause.*

A District Court judge erred in allowing the criminal defendant's pretrial motion to suppress evidence of marijuana seized from his person as a result of a patfrisk by a police officer, where, although the officer did not have a reasonable suspicion that the defendant was armed and presented a danger, the odor of marijuana coming from the defendant's person, by itself, gave the officer probable cause to search the defendant for marijuana. [860-862]

COMPLAINT received and sworn to in the Greenfield Division of the District Court Department on April 14, 2008.

A pretrial motion to suppress evidence was heard by *Arthur F. Haley, III,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Francis X. Spina,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court.

*Cynthia M. Pepyne,* Assistant District Attorney, for the Commonwealth.

*Richard S. Jacobs* for the defendant.

SMITH, J. On April 14, 2008, the defendant was arraigned in the District Court on a complaint charging him with possession of a class D controlled substance. G. L. c. 94, § 34. On August 18, 2008, the defendant filed a motion to suppress evidence seized from his person and any other evidence seized as a result of a patfrisk or search.

At the hearing on the motion, the defendant claimed that he

was subject to a patfrisk without the police having reasonable suspicion that he had a weapon. The Commonwealth responded that the officer did indeed have a reasonable suspicion to conduct a patfrisk for weapons and that, in any event, the police had probable cause to search the defendant as a result of a strong odor of burnt marijuana coming from his clothes.

After the hearing, a judge of the District Court allowed the defendant's motion. The Commonwealth's motion for reconsideration was denied, and a single justice of the Supreme Judicial Court granted the Commonwealth's application for interlocutory review of the District Court judge's ruling pursuant to Mass. R.Crim.P. 15(a)(2), as appearing in 422 Mass. 1501 (1996).

On appeal, the Commonwealth concedes that the search of the defendant was not justified as a patfrisk for weapons. Rather, it maintains that the officer had probable cause to search the defendant because of the strong odor of burnt marijuana coming from him.

We summarize the facts as found by the motion judge, supplemented by uncontested testimony from the suppression hearing. See Commonwealth v. DePeiza, 449 Mass. 367, 368 (2007).

In the early morning hours of April 13, 2008, Officer Jason Haskins and Sergeant Viorel Bobe responded to a report of a domestic dispute at a parking lot in Greenfield. A person had telephoned the police department stating that there was an on-going argument and that a man was being attacked by a woman wielding a bottle. As the police drove into the parking lot, the couple separated. The officers stepped out of their police cruiser; Sergeant Bobe escorted the female to one end of the parking lot, while Officer Haskins approached the defendant. Almost immediately, the officer noted a "pretty strong odor of burnt marijuana" coming from the defendant.

Officer Haskins told the defendant that because the incident appeared to be a "heated domestic argument," he wanted to make sure that the defendant did not have any weapons on his person, and therefore he planned to pat frisk him. As a result of the frisk, the officer felt and removed two objects from the defendant's front pocket, an Altoid container and a snuff container, one of which contained a substance that the officer recognized as

marijuana. A search of the defendant's vehicle revealed a small amount of marijuana in a plastic bag.[1]

The judge allowed the suppression motion on the ground that the officer lacked particular facts from which a reasonable inference could be drawn that the defendant was armed and presented a danger to the officer or others. We agree with the motion judge's conclusion that the patfrisk for weapons was not based on reasonable suspicion. However, the motion judge did not rule on the Commonwealth's claim that, in any event, the officer had probable cause to search the defendant for marijuana. We reverse the order allowing the motion to suppress, because we conclude that the officer did indeed have probable cause to search the defendant for marijuana.

*Discussion.* "We accept the judge's subsidiary findings absent clear error but conduct an independent review of his ultimate findings and conclusions of law." *Commonwealth* v. *Jimenez,* 438 Mass. 213, 218 (2002). "[O]ur duty is to make an independent determination of the correctness of the judge's application of constitutional principles to the facts as found." *Commonwealth* v. *Bostock,* 450 Mass. 616, 619 (2008), quoting from *Commonwealth* v. *Mercado,* 422 Mass. 367, 369 (1996). See *Commonwealth* v. *Gomes,* 453 Mass. 506, 509 (2009).

It is undisputed that Officer Haskins's patfrisk of the defendant was based on his subjective belief that because a domestic dispute had taken place, the defendant might have had a weapon on his person. The officer's subjective belief, however, did not negate the propriety of a search based on probable cause for marijuana. See *Commonwealth* v. *Murdough,* 428 Mass. 760, 762 (1999), citing *Whren* v. *United States,* 517 U.S. 806, 812 (1996). Therefore, because probable cause is measured by an objective standard, if the objective circumstances were sufficient to justify a search of the defendant, Officer Haskins's subjective intent would be irrelevant. See *Commonwealth* v. *Murdough, supra* at 765 (stating that *Whren* decision "teaches that, if the objective circumstances justify the action taken, that is enough"). The is-

[1]The defendant gave the officers permission to open the vehicle door to obtain a prescription bottle for two pills found on the defendant's person. According to the testimony of Sergeant Bobe, the bag of marijuana was in plain sight on the vehicle's console.

sue, therefore, is whether there was probable cause to search the defendant for marijuana.

"Probable cause exists where 'the facts and circumstances within . . . [the officers'] knowledge and of which they had reasonable trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that' an offense has been or is being committed." *Commonwealth* v. *Hason*, 387 Mass. 169, 174 (1982), quoting from *Brinegar* v. *United States*, 338 U.S. 160, 175-176 (1949). "In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Commonwealth* v. *Garden*, 451 Mass. 43, 47 (2008), quoting from *Commonwealth* v. *Cast*, 407 Mass. 891, 895 (1990).

Here, the motion judge made a finding that when Officer Haskins spoke with the defendant, he "almost immediately noted the odor of burned marijuana." That finding was based on the officer's testimony that before the patfrisk, the odor of burnt marijuana was "pretty strong" and that it came from the defendant's person.

In *Johnson* v. *United States*, 333 U.S. 10, 13 (1948), the United States Supreme Court ruled that odors alone may be sufficient to satisfy the probable cause requirement of the Fourth Amendment to the United States Constitution. The Court stated that "[i]f the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify the issuance of search warrant." *Ibid.* The Supreme Judicial Court has held that under certain circumstances the odor of marijuana, by itself, has supplied probable cause. See *Commonwealth* v. *Garden, supra* at 47-49 ("odor of marijuana is sufficiently distinctive that it alone can supply probable cause to believe that marijuana is nearby"; thus, odor of burnt marijuana coming from vehicle occupant's clothes supplied probable cause for search of vehicle).[2] See also *Commonwealth* v. *Lawrence L.*, 439 Mass.

---

[2] In *Commonwealth* v. *Garden, supra* at 48 & n.7, the court emphasized that the odor must be detected by "one qualified to know" the odor before such a

817, 823-824 (2003) (detection of strong smell of marijuana on clothes of juvenile while at school provided probable cause for school official to search him); *Commonwealth* v. *Streeter,* 71 Mass. App. Ct. 430, 437 (2008) (strong odor of marijuana coming from apartment provided probable cause for police to believe that there was marijuana in that apartment).

Here, the odor of marijuana was detected not in the confines of a vehicle, in a school setting, or coming from an apartment, but rather in the open. We conclude that the odor of marijuana, by itself, coming from the defendant's person provided probable cause to search the defendant. The order allowing the motion to suppress is reversed.

*So ordered.*

---

detection can provide sufficient probable cause to support a warrantless search. In this matter, at the point where the prosecutor asked Officer Haskins how long he had been a police officer, defense counsel stated he was "willing to stipulate to Officer Haskins' expertise." That stipulation was sufficient to meet the *Garden* requirement that the odor be "detected by an officer with the ability to identify the smell." *Id.* at 49.